## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **IN RE:  MARC J. RANDAZZA,** | ) | MISC. BUSINESS DOCKET NO. |
| Respondent. | ) | 1:18-mc-91490 (PBS) |
|  | ) |  |
|  | ) | **RESPONSE TO ORDER TO SHOW** |
|  | ) | **CAUSE** |
|  | ) |  |

The Nevada Supreme Court determined that Respondent, Marc J. Randazza, was fit to practice law and was permitted to do so, so long as he abided certain conditions, despite otherwise disciplining him.  See *In re: Marc J. Randazza, Bar No. 12265,* No. 76453 (Nev. Oct. 10, 2018).  On November 19, 2018, this Court issued an Order ordering that Respondent file a response

> setting forth any and all claims predicated upon the grounds set forth in Local Rule 83.6.9(e)(1) that the imposition of the identical discipline by this Court would be unwarranted, the reasons therefor, and whether a hearing is requested.

See Order of Nov. 19, 2018 (Dkt. No. 5).

As noted in the Order, Local Rule 83.6.9(c) indicates that the presumed discipline where an attorney has been disciplined by another court is "identical" discipline.  However, the Supreme Court of Nevada did not give effect to its suspension order.  Instead, it stayed the discipline for a probationary period until April 10, 2020.  Thus, no reciprocal suspension is warranted at this time.

This Court should take a "wait and see" approach; if Respondent violates his Nevada term of probation, at that point a reciprocal suspension can enter. This is the approach set forth in Local Rule 83.6.9(d). Alternately, if this Court were to take any action at all, it should be no greater than that imposed in Nevada—a term of probation until April 10, 2020.

## 1. Introduction

Mr. Randazza has been an attorney since 2002. He resides in Nevada and is licensed to practice law in Arizona, California, Florida, Massachusetts and Nevada. Other than the current matter, Mr. Randazza has no disciplinary history in any jurisdiction.

Respondent was admitted to practice before this Court on January 24, 2002. Since that time, he has successfully represented clients in three matters before this Court. Two additional matters are pending: 1) *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College, et al.*, Case No. 1:14-cv-14176-ADB, where he is local counsel for *amici curiae* Asian American Coalition for Education and Asian American Legal Foundation; and 2) *Linquata v. Safier, et al.*, Case No. 1:18-cv-11854-IT, where he is counsel for the plaintiff. At no time has this Court sanctioned or disciplined Respondent.

As set forth in the Conditional Guilty Plea in Exchange for a Stated form of Discipline in *State Bar of Nevada v. Marc J. Randazza*, Case No. OBC15-0747

(State Bar of Nev., S. Nev. Disciplinary Bd., Jun. 5, 2018), a copy of which was previously provided to the Court, and which was the basis of the Order of the Nevada Supreme Court, this matter arises from litigation in the U.S. District Court for the District of Nevada where Respondent represented the sister-entity of the company for which he then-served as in-house counsel.

The Nevada Supreme Court did not engage in any independent factfinding, though it did inexplicably and erroneously state that Mr. Randazza's conduct "may have caused a delay in the disbursement of settlement funds to his client."  Order at 2.  That statement is not supported by the stipulated facts, is not accurate, and should be disregarded by this Court.  Instead, the Court should look exclusively to the stipulated facts as set forth in the Conditional Guilty Plea.

During the course of the representation, he **permissibly** advanced litigation funds, but memorialized it in the form of a promissory note without explicitly advising the client to obtain independent counsel.  In short, he advanced $25,000 of his own money at his employer's direction to its sister company, and then asked they simply agree to pay it back, without interest.  But, he failed to advise them to ask another attorney if they should agree to pay him back.  Notably, they were not bound by the agreement and they have never paid back Respondent.

Additionally, the defendant in that litigation insisted that Mr. Randazza agree to never sue them again, as a condition of paying his employer $550,000.

Respondent never agreed to such a condition.  However, to promote his client's interests, he discussed, but did not consummate, the potential that he might be subsequently retained by the other side, having the natural consequence of conflicting him from representing others against them, which was would have been (if consummated) a restriction on the right to practice in violation of RPC 5.6.  Such had nothing to do with his practice before this Court and arose from circumstances that are not going to be repeated.  The complained-of circumstances happened in 2012 – and, since then, there has not been even a hint of further disciplinary action.

## 2.      This Court Should Not Impose Sanctions

The Nevada Supreme Court disciplined Mr. Randazza by imposing a term of probation with deferred suspension – with the suspension to be entered only if Mr. Randazza fails to fulfill the conditions of probation.  During the probationary period, Mr. Randazza must 1) "stay out of trouble," meaning he must have no new grievances against him resulting in imposition of actual discipline, 2) complete 20 additional hours of ethics CLE, and 3) seek advice of an independent ethics attorney in the relevant jurisdiction before obtaining any conflict of interest waivers.

The Nevada discipline was stayed until April 10, 2020, at which point no suspension will be given effect should Respondent comply with the terms of the probation.  This Court should act likewise.  Under Local Rule 83.6.9(d), "[i]n the event the action imposed in the other jurisdiction has been stayed there, any

reciprocal action taken by this court shall be deferred until such stay expires." Therefore, no reciprocal action should be taken at this time.

Under the circumstances, the most appropriate and practical approach would be for the Court to stay consideration of any reciprocal discipline during the Nevada probationary period. Staying this matter would allow the Court to monitor Mr. Randazza's compliance with the terms of his Nevada probation and respond accordingly. If Mr. Randazza successfully completes his probationary term, no reciprocal discipline in this Court will be necessary and the matter should be dismissed. If Mr. Randazza fails to "stay out of trouble," the Nevada Supreme Court will then consider whether to revoke the stay of his suspension. In that case, the Court would be able to reopen this matter and, at that time, seek to impose reciprocal discipline consistent with the determination in Nevada. Staying this matter would thus provide the most flexibility over time to determine a suitable discipline, if necessary, based on Mr. Randazza's ongoing conduct. This would make more logical sense as well – as none of the conduct complained of occurred in matters before this Court, nor did it touch on any matters within this Court's jurisdiction.

As to whether reciprocal discipline should otherwise be imposed, this Court is governed by Local Rule 83.6.9(e). Respondent does not dispute under Rule 83.6.9(1)(A) or (B) a lack of due process or an insufficiency of proof, and the pleaded-to misconduct is established. However, the Court may consider under Rule

83.6.9(1)(C) & (D) that the imposition of identical discipline would be unjust or that substantially different discipline should be imposed.  Respondent's prior practice before this Court has not warranted the initiation of disciplinary action.

Respondent is acting to ensure that any time there is a whiff of a potential for a conflict of interest, clients are advised to obtain independent counsel.  Neither is Respondent likely to negotiate to represent an adverse party, even if it is to his client's advantage, as was the prior case.  In fact, Rule 5.6 stands to ensure the public can retain an attorney's services; an order of this Court that might ultimately stand to limit Respondent's practice would be contrary to the purpose of Rule 5.6.  Thus, Respondent requests the Court impose a lesser discipline, if not the same.[1]

## 2.1 The Courts of Appeals Have Not Seen Fit to Restrict Respondent's Practice

This Court may be guided by the Courts of Appeals, which have not reciprocally disciplined Respondent.[2]  Following the making of the Conditional Guilty Plea, Respondent applied for admission to practice before the U.S. Court of Appeals for the Second Circuit.  That court's application form contains a question regarding discipline, and Respondent made the same disclosures to that court as he did to this

---

[1] In the event the Court imposes the same discipline, Respondent requests it run concurrently, based on his self-report.  *See, e.g., In re Aimar*, 926 A.2d 167, 169 (D.C. 2007) ("the stayed suspension shall run concurrent to the Nevada discipline since respondent reported the discipline to Bar Counsel

[2] No U.S. District Court has done so, either.

RANDAZZA | LEGAL GROUP

one.  Despite the pendency of the Conditional Guilty Plea, on August 14, 2018, the
Second Circuit admitted Respondent to its roll of attorneys.[3]

Similarly, Mr. Randazza timely notified the U.S. Court of Appeals for the 10th
Circuit of the discipline imposed in Nevada.  On November 13, 2018, he received
notice that that court "does not impose reciprocal discipline based on stayed
suspensions. No further action from you is required at this time.  In the event you
fail to meet the conditions of probation, and you are suspended by the Supreme Court
of Nevada, you must notify this court immediately."  Respondent suggests that this
Court may be guided by the Circuit Courts of Appeals and not restrict his practice,
except that, in the event a suspension is imposed, he be required to give immediate
notice to this Court.[4]

## 2.2    If the Matter is Not Stayed, Respondent Should be Placed on Probation with No Conditions beyond the Nevada Probation

If the matter is not stayed, the appropriate "identical" discipline would be a term
of probation with no additional terms beyond those imposed in Nevada.[5]  The
Nevada requirements that Mr. Randazza take additional ethics CLE and consult with
ethics counsel before seeking conflict waivers adequately protect this Court's
interests, including the interests of future clients from whom Mr. Randazza might

---

[3] He has since put them on notice of the Order approving the plea, and, to date, no action has been taken.
[4] In the interest of full disclosure, Respondent notes that the U.S. Court of Appeals for the Eleventh Circuit is considering the matter as part of its ordinary five-year admission renewal process.  No reciprocal discipline has been imposed, however.
[5] Local Rule 83.6.9(e)(1)(C) also uses the term "substantially similar discipline".

seek a conflict waiver. Although these are not listed among the types of discipline under Local Rule 83.6.4(a), that rule also contemplates "other disciplinary action as may be reasonable under the circumstances." Probation is of the type of disciplinary action that may otherwise be within the purview of discipline reviewed by this Court. This is what would be appropriate.

Mr. Randazza has not had a suspension put into effect in Nevada and he should not be suspended in this Court either. Suspending Mr. Randazza in this Court under the guise of a "identical" discipline would amount to a "grave injustice" under Local Rule 83.6.9(e)(1)(C). To presently suspend him would significantly and substantially exceed the discipline imposed by Nevada, removing it from the bounds of being "identical". He can practice law in Nevada; he should be permitted to continue to practice presently in this Court as well. Nevada did not deem Mr. Randazza's conduct worthy of a suspension in the absence of him engaging in future misconduct; the conduct described in the stipulated facts is not of the sort that has historically led to a suspension this Court; Mr. Randazza's conduct did not cause his clients to suffer any actual harm or financial losses; the Nevada Supreme Court noted Mr. Randazza's full disclosure and cooperative attitude (Order at 2); Mr. Randazza has no discipline history in this Court or any other jurisdiction; the conduct at issue occurred 6-7 years ago, with no other complaints having been lodged against Mr. Randazza in the subsequent years; and nothing in the record would support a finding

that Mr. Randazza is likely to harm the public during a term of probation.  Nevada's determination that immediate suspension is not warranted should be respected.

"[T]he vast weight of judicial authority recognizes that bar discipline exists to protect the public, and not to 'punish' the lawyer."  *De Bock v. State*, 512 So. 2d 164, 167 (Fla. 1987).  Suspension of Mr. Randazza – indeed, imposition of any additional probationary terms – would be punitive, not protective.  If the Court chooses not to stay this matter, then Mr. Randazza should be placed on probation with no additional terms beyond those imposed by the Supreme Court of Nevada.

In light of the foregoing, Respondent's disciplinary action should be deferred until the successful completion of the period of probation.

Dated: December 12, 2018.                    Respectfully submitted,

/s/ Marc J. Randazza

Marc J. Randazza (BBO# 651477)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: (702) 420-2001
ecf@randazza.com

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the Clerk of the Court via CM/ECF, the court's electronic filing system on this 12th day of December 2018.

/s/ Marc J. Randazza

Marc J. Randazza